UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HERIBERTO LATIGO JR, <br> 6823 Vickie Springs Lane <br> Houston, TX 77086 <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION <br> 935 Pennsylvania Avenue, NW <br> Washington, D.C. 20535 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-01065 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Heriberto Latigo Jr. (hereafter "Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act (hereafter "FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Federal Bureau of Investigation (hereafter "Defendant" or "FBI") in failing to provide Plaintiff with all non-exempt records responsive to the FOIA request, sent to Defendant October 14, 2019, seeking records consisting of communications between Special Agent Christopher Petrowski and multiple individuals and all records referencing Heriberto Latigo Jr. Plaintiff's request is entirely stated in Exhibit A, attached and made part of this Complaint. Plaintiff sought and still seeks these records from the FBI, a federal agency, for the period July 1, 2014, to May 7, 2020.

1

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Heriberto Latigo Jr., resides in the State of Texas.

5. Defendant Federal Bureau of Investigation (previously and hereinafter referred to as "FBI") is a federal agency of the United States and sub-component of the United States Department of Justice, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays,

2

and legal public holidays) after the receipt of such appeal unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. Plaintiff realleges and fully incorporated paragraphs 1-12 as previously set forth herein.

14. On October 14, 2019, Plaintiff made his request to the FBI via certified mail, return receipt and email. Plaintiff's full request is attached and made a part of this Complaint as Exhibit A.

15. On October 24, 2019, Defendant acknowledged receipt of the request and assigned it control number 1450216-000. Defendant's acknowledgement, consisting of a letter, is attached and made part of this complaint as Exhibit B.

16. On November 6, 2019, Defendant responded to the request, stating that "the material you

3

requested is located in an investigative file which is exempt from disclosure" and that "your request is being administratively closed." Defendant's response and denial is attached and made part of this complaint as Exhibit C.

17. On December 30, 2019, Plaintiff, through counsel, sent his administrative appeal via certified mail, return receipt, to Defendant. The administrative appeal is attached and made part of this complaint as Exhibit D.

18. On February 20, 2020, the United States Department of Justice informed Plaintiff's Counsel that the Department of Justice was "remanding your client's request to the FBI for further processing of the responsive records." The administrative appeal decision is attached and made part of this complaint as Exhibit E.

19. On July 15, 2020, Defendant acknowledged receipt of the remanded decision as part of the administrative appeal. The response is attached and made part of this complaint as Exhibit F.

20. On July 22, 2020, Defendant informed Plaintiff that "unusual circumstances apply to the processing of your request." Defendant stated that "these "unusual circumstances" will delay our ability to make this complaint as Exhibit G.

21. On December 14, 2020, Defendant informed Plaintiff that Defendant had located "approximately 1,971 pages of records potentially responsive to the subject of your request" and informed Defendant of potential fees associated with completing this request. The letter is attached and made part of this complaint as Exhibit H.

22. On January 4, 2021, counsel for Plaintiff responded to Defendant, accepting the shipping and duplication fees of $385, and declining to limit the scope of the request. The response is attached and made part of this complaint as Exhibit I.

23. On January 27, 2021, Defendant informed Plaintiff that the estimated cost of processing the request would be $385 and that it would take approximately 70 months to complete the request. The email is attached and made part of this complaint as Exhibit J.

24. On February 8, 2021, counsel for Plaintiff accepts the processing fee of $385. The email is attached and made part of this complaint as Exhibit K.

25. On February 10, 2021, Defendant informed Plaintiff that it will move forward with processing the request without reducing the scope of the records requested. The email is attached and made part of this complaint as Exhibit L.

## VII. CLAIMS FOR RELIEF

26. Plaintiff realleges, as if fully set forth herein, paragraphs 1-25 previously set forth herein.

27. Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

28. Defendant FBI has violated FOIA by denying Plaintiff his right to the information contained in all non-exempt records in response to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

29. Defendant FBI has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

30. Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in his October 14, 2019 request described above.

31. Plaintiff is directly and adversely affected and aggrieved by Defendant FBI's failure to

provide responsive records to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

32. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Heriberto Latigo Jr., providing the following relief:

1. Declare Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

2. Declare Defendant FBI has violated FOIA by failing to complete an adequate search for records responsive to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

3. Direct by injunction that Defendant FBI perform an adequate search for records responsive to Plaintiff's request and provide Plaintiff with all non-exempt responsive records responsive to the FOIA request sent by Plaintiff to Defendant on October 14, 2019.

4. Grant Plaintiff Heriberto Latigo Jr.'s costs of litigation, including reasonable attorneys' fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED this 17 day of April, 2021.

Respectfully Submitted,

/s/ C. Peter Sorenson
C. Peter Sorenson, DC Bar #438089
Sorenson Law Office
PO Box 10836
Eugene, OR 97440
(541) 606-9173
petesorenson@gmail.com

Attorney for Plaintiff